The Chancellor.
On the first day of January, eighteen hundred and fifty-three, one George Watts executed and delivered to the defendants, Binns and Halsted, a mortgage on certain real estate; factory, and fixtures, in the city of Newark, with the following proviso, or condition, that if the said Watts should well and truly pay unto the said Binns and Halsted, or the survivor of them, his executors, administrators, or assigns, all and every such sum or sums of money as he, the said Watts, should thereafter in any wise owe to them, or debts then owing them for or by reason of any advance made, goods sold, or in any wise whatever, or for which they, or either of them, had, or should in any wise become responsible or liable for him, by reason of making, drawing, endorsing, or accepting any bill of exchange, promissory note, or other negotiable instrument whatever, or of in any manner guarantying any contract of the said Watts, due to or incurred by the said Binns and Halsted, as partners, then the said indenture should be void.
On the 26th of January, 1853, Watts confessed a judgment to Binns and Halsted, in the Circuit Court of the Hnited States for the District of New Jersey, for the sum of twenty-five hundred dollars.
The parties had large dealings together; Binns and Halsted living in the city of New Tork, and dealing largely in the purchase and sale of raw skins, and Watts living in the city of Newark, and extensively manufacturing that article. The mortgage and judgment grew out of the dealings of the parties, in the purchase, sale, and manufacturing of skins.
The complainants are subsequent judgment and execution creditors of George Watts. They exhibited their bill in this case, alleging that the judgment of Binns and Halsted had been satisfied, except to the amount of one hundred and forty-five dollars; and that this was all the indebtedness now existing between the parties, andthatBinns and Halsted had no other claim against Watts upon either *103 the mortgage or the judgment. The hill also charges that the judgment is fraudulent. It prays that the mortgage and judgment maybe removed out of the way, so that the judgment debtor’s property may be applied, in due course of law, to satisfy the complainants’ judgment free from the encumbrances of the defendants’ mortgage and judgments, and that the defendants may be enjoined from further proceedings upon their judgment.
The defendants have answered the bill, and now move to dissolve the injunction.
I have referred only to so.much of the case made by the pleadings as is necessary to render intelligible the points upon which the motion is decided.
The injunction must be continued upon the admissions of the answers upon two grounds.
First. It admits that the whole amount of the judgment is not due, and that the defendants are not entitled to raise the full amount on the face of the judgment out of the debtors’ property. The judgment is for the sum of twenty-five hundred dollars. The bill charges that various payments, from time to time, have been made, so as to reduce the amount now due to one hundred and forty-five dollars. The answer admits that payments have been made on the judgment, and claims the sum of two thousand one hundred and ninety dollars and seventy-nine cents to be the balance due, after deducting such payments. If this injunction is dissolved, there is nothing to prevent Binns and Halsted from proceeding to raise the whole amount of the judgment — twenty-five hundred dollars, and interest from its date. They have placed their execution in the hands of the sheriff’; they have given no credit upon the judgment, and no instructions to the sheriff’ not to raise the full amount. Where a judgment creditor is proceeding by execution to raise the full amount of his judgment, when that amount is not duo, but has been reduced, by payments or otherwise, a subsequent execution creditor has a right to the aid of this *104 court to restrain the prior creditor from selling under his execution until the payments are ascertained, and the creditor gives credit for them. Binns and Halsted do not deny, in their answer, that it was their intention to raise the whole amount of twenty-five hundred dollars. They should have given credit on their execution for what they admit has been paid on their judgment. This was the more necessary, if they desired to place themselves beyond suspicion, because there is a dispute, between them and their debtor, as to the amount of the payments which have been rnáde. The complainants have been compelled to bring the defendants into this court to obtain the credit they admit ought to be given; and under such circumstances, their statement as to what that credit should be, when there- is a dispute and difference about it between the debtor and the creditor, should not be taken as conclusive.
There is another ground upon which it is proper that this injunction should be continued. The bill alleges that Binns and Halsted have received from Watts goods to an amount exceeding thirteen hundred dollars, which ought to be credited on their jungment. The answer admits the receipt of these goods, and that they are now in the possession of the defendants; but sets up that the goods were sent to them by Watts, to sell on commission at an invoiced price, and that when sold at that price, to be credited on the judgment. It further alleges the goods will not sell for the price they are invoiced at, and they therefore remain in their hands subject to Watts’ order, and that they have no authority to sell them at a less price, and cannot, therefore, appropriate them to the payment of the judgment. Admitting the allegations of the defendants, as to the terms upon which they hold these goods, to be true, it is proper for the court to retain this injunction, in order that the goods may be appropriated, under a decree of this court, to the liquidation of the defendants’ judgment. The complainants are entitled to *105 have them so appropriated; and if they cannot be so disposed of by Watts’ consent, they ought to be, under the direction of the court, in this suit. The complainants and defendants have a lien, by their executions, upon a common fund. Here is another fund, upon which the complainants have no lien, which ought to go to pay the common debtors’ liabilities and to the relief of the common fund. The goods which constitute this fund are out of the jurisdiction of this court, and beyond the reach of any legal process by which the complainants can appropriate them to satisfy their judgment; yet, being in the possession of the defendants, this court has now the control of them, and may dispose of them according to the legal and equitable rights of all concerned. If this injunction is dissolved, these goods are beyond the reach of the complainants. The defendants, Binns and Halsted, will proceed with their execution, appropriate the common fund to pay their judgment, and then deliver over the goods in their possession to the debtor. This would be a fraud upon the complainants. The only way to protect them is to appropriate the goods, under a decree of this court, in the most advantageous manner for all parties, to the payment, of the defendants’ judgment. If, as the complainants allege, the defendants are bound to take the goods at a certain price, which before their delivery was agreed upon between the parties, the credit must be for that amount. If the defendants’ allegations are true, as to the terms upon which they received the goods, then the court will direct the manner of their disposal, and will direct their net proceeds to be credited.
It is necessary, for the protection of the rights of the complainants, that this injunction should be retained, and the cause go to a final hearing.
The motion to dissolve is therefore denied.